NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CARLOS RODRIGUEZ,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Civil Action No. 16-4268 (SRC)

**OPINION**

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff Carlos Rodriguez ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning December 31, 2012. A hearing was held before ALJ Sheila Walters (the "ALJ") on January 15, 2015, and the ALJ issued an unfavorable decision on March 7, 2015. After the Appeals Council denied Plaintiff's request for review of the determination of the date of onset, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of March 7, 2015, the ALJ found that, at step three, Plaintiff did not meet

or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work, with certain limitations. At step four, the ALJ also found that this residual functional capacity was not sufficient to allow Plaintiff to perform his past relevant work as a doorkeeper, driver, or street sweeper. At step five, the ALJ consulted a vocational expert and concluded that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on three grounds: 1) at step three, Plaintiff meets the requirements of Listing 3.03; 2) at step four, the ALJ gave disproportionate weight to the opinions of the state agency experts; and 3) at step four, the residual functional capacity determination is not supported by substantial evidence.

As to the first point, Plaintiff contends that the evidence shows that Plaintiff meets the requirements of Listing 3.03, which states:

> 3.03 Asthma. With:
>
> A. Chronic asthmatic bronchitis. Evaluate under the criteria for chronic obstructive pulmonary disease in 3.02A;
> Or
> B. Attacks (as defined in 3.00C), in spite of prescribed treatment and requiring physician intervention, occurring at least once every 2 months or at least six times a year. Each in-patient hospitalization for longer than 24 hours for control of asthma counts as two attacks, and an evaluation period of at least 12 consecutive months must be used to determine the frequency of attacks.

The parties agree that this version of Listing 3.03 was effective on the date of the ALJ's decision. Plaintiff points to record evidence that, he contends, shows six asthma attacks within

one year and thus meets Listing 3.03B. The Commissioner responds that Plaintiff has overlooked the phrase, "in spite of prescribed treatment," and argues that the record shows that Plaintiff was *not* using his prescribed treatment at the time of the attacks Plaintiff has cited. In support, the Commissioner points to the Hokoken University Medical Center records of Plaintiff's ER visit on January 27, 2013, which state: "This is a 37 YO male patient with PMH: asthma, not taking anything for it. He was prescribed 'pumps every color' but he never used them." (Tr. 386-87.) The same statements appear on the discharge summary for Plaintiff's hospitalization which followed the ER visit. (Tr. 525.)

The Commissioner contends that this evidence shows that Plaintiff had been prescribed treatment for asthma but had never used the treatment; therefore, he did not meet the Listing requirement that the attack was "in spite of prescribed treatment." Plaintiff did not submit any reply to the Commissioner's opposition brief and thus has not contested the Commissioner's argument. This Court concludes that the ALJ's decision at step three is supported by substantial evidence.

Plaintiff's next two points are both variants of the argument that the ALJ erred in the weight he gave to the opinions of treating physicians versus state agency medical consultants. The ALJ's decision contains a long (almost nine pages) and very detailed explanation of the residual functional capacity determination. (Tr. 26-35.) In relevant part, the ALJ considered the reports by Plaintiff's primary care physician, Dr. Haddad, and by Plaintiff's pain management physician, Dr. Lee, both of whom found more severe limitations to Plaintiff's ability to work. (Tr. 30-31.) The ALJ explained that she gave little weight to Dr. Haddad's opinion because it was inconsistent with the opinions of other treating physicians and with the opinion of the state

3

agency medical consultant. (Tr. 34.) Furthermore, she stated that Dr. Haddad's conclusion about Plaintiff's residual functional capacity was internally inconsistent with Dr. Haddad's statement that Plaintiff had said that "with rehabilitation and physical therapy he may be able to return to work." (Tr. 955.) The ALJ explained that she gave no weight to Dr. Lee's opinion that Plaintiff was unable to work because that was a determination reserved to the Commissioner. (Tr. 34.) The ALJ stated that she agreed with the opinion of Dr. Udomsaph, a state agency non-reviewing physician, because it was supported by the evidence of record. (Tr. 34.)

Plaintiff contends that the ALJ "should have given greater weight to the treating physicians." (Pl.'s Br. 30.) As the Third Circuit stated in a recent decision:

> A federal court's substantial-evidence review is "quite limited." Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005). A court may not weigh the evidence or substitute its own findings for the Commissioner's. *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986). [Plaintiff's] arguments amount to a request to reweigh the evidence and review the Commissioner's findings and decision *de novo*.

Davern v. Comm'r of Soc. Sec., 660 Fed. Appx. 169, 173-74 (3d Cir. 2016). This Court cannot re-weigh the evidence. It can only review the Commissioner's determinations under the substantial evidence standard. In the instant case, this Court's review of the residual functional capacity determination is limited to assessing whether the determination is supported by substantial evidence. It appears that the ALJ gave Dr. Udomsaph's opinion the greatest weight. Plaintiff has given this Court no basis to conclude that Dr. Udomsaph's opinion does not constitute substantial evidence.[1]

---

[1] This Court recognizes that the ALJ appeared to overlook Dr. Lee's statement that Plaintiff is unable to sit for more than four hours out of an eight-hour day. This cannot be more than harmless error, because the instant issue turns on the question of whether Dr. Udomsaph's opinion constitutes substantial evidence. That the ALJ may have overlooked one piece of

4

As the Third Circuit explained when it was presented with a similar argument on appeal in another case and affirmed this Court's decision:

> [T]he ALJs did not violate any rule concerning the evidentiary weight due to treating physicians' opinions. Treating physicians' opinions as to the nature and severity of a claimant's impairment (but not as to the ultimate legal issue of disability, *see* 20 C.F.R. § 416.927(d)(1)) are entitled to "controlling weight" if the Commissioner finds that those opinions are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and are "not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 416.927(c)(2). The District Courts properly considered and rejected [Plaintiff's] argument in this regard, finding that the ALJs adequately explained their reasons for accepting or rejecting each of the treating physicians' opinions.

Chaluisan v. Comm'r Soc. Sec., 481 Fed. Appx. 788, 791-92 (3d Cir. 2012). As just discussed, even though it appears that the ALJ overlooked one element of Dr. Lee's opinion, this does not materially impact the determination that Dr. Udomsaph's opinion constitutes substantial evidence.

Lastly, Plaintiff argues that the record does not contain substantial evidence that Plaintiff retains the residual functional capacity for light work. As just discussed, the ALJ relied on the report submitted by Dr. Udomsaph, dated June 6, 2013, which states that Plaintiff can occasionally lift twenty pounds and frequently lift ten pounds. (Tr. 93.) This fits the definition of light work in the Regulations, 20 C.F.R. § 404.1567(b). Dr. Udomsaph's report constitutes substantial evidence that Plaintiff retains the residual functional capacity for light work.

---

conflicting medical evidence has no material impact on the assessment that the overall determination is supported by substantial evidence.

For the foregoing reasons, this Court finds that the Commissioner's decision is supported by substantial evidence, and the Commissioner's decision is affirmed.

                                            s/ Stanley R. Chesler
                                        STANLEY R. CHESLER, U.S.D.J.

Dated: August 10, 2017